IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID RICARDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-16-3238 |
| | § | |
| THE BANK OF NEW YORK MELLON, | § | |
| DITECH FINANCIAL, LLC, BANK OF | § | |
| AMERICA, N.A., AND KEN LEWIS, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER OF DISMISSAL

Pending before the Court in the above referenced cause, timely removed from the 189th Judicial District Court in Harris County, Texas purportedly on diversity jurisdiction,[1] alleging wrongful and continued dispossession of real property and its rental value, fraud, wrongful foreclosure, destruction of property, and conversion of personal property, and seeking to recover attorney

---

[1] As stated in the Notice of Removal, #1 at pp. 4-5, and is uncontested, Plaintiff David Ricardo is a citizen and resident of Texas. Defendant the Bank of New York Mellon f/k/a the Bank of New York as Trustee for the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2005-9 ("Mellon") is a corporation with its state of incorporation being Delaware and its principal place of business, New York. Defendant Ditech Financial LLC f/k/a Green Tree Servicing LLC ("Ditech") is a Delaware limited liability company with its citizenship being that of its members, i.e., Delaware, Minnesota, Maryland and Florida; Defendant Bank of America, N.A. ("BANA"), a national banking association, is a citizen of North Carolina where its main office is located; and Ken Lewis, a nominal party allegedly fraudulently joined, doing business in Harris County, Texas under the name of "REMAX Westside, Realtors," is a citizen and resident of Texas.

-1-

fees, costs, expenses, and exemplary damages, are the following motions:

(1) Defendant Bank of America, N.A.'s ("BANA's") motion to dismiss (#6);

(2) Plaintiff David Ricardo's ("Plaintiff's" or "Ricardo's") motion for remand (instrument #10) and first amended motion for remand (#21) on the grounds that Defendant Ken Lewis is an improperly joined party as a citizen of Texas where this action is brought;

(3) Defendant Ditech Financial LLC f/k/a Green Tree Servicing LLC'S ("Ditech's") motion for judgment on the pleadings (#20);

(4) Defendant the Bank of New York Mellon f/k/a the Bank of New York as Trustee for the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2005-9's ("Mellon's") motion to dismiss (#24);

(5) Plaintiff's motion for leave to amend petition (#31); and

(6) Magistrate Judge Frances Stacy's memoranda and recommendations (#30 and 33), to which no objections have been filed.

**Standard of Review**

**Rule 12(b)(6)**

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). The

plaintiff's legal conclusions are not entitled to the same assumption. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."), *citing Bell Atlantic Corp. v. Twombly*, 556 U.S. 662, 678 (2007); *Hinojosa v. U.S. Bureau of Prisons*, 506 Fed. Appx. 280, 283 (5th Cir. Jan. 7, 2012).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*,556 F.3d 261, 263 n.2 (5th Cir. 2009), *quoting In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556. Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), the Supreme Court stated that "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 556 U.S. at 678. The plaintiff must plead specific facts, not merely

conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

Dismissal under Rule 12(b)(6) is proper not only where the plaintiff fails to plead sufficient facts to support a cognizable legal theory, but also where the plaintiff fails to allege a cognizable legal theory. *Kjellvander v. Citicorp*, 156 F.R.D. 138, 140 (S.D. Tex. 1994), *citing Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d 591, 594 (5th Cir. 1991). "A complaint lacks an 'arguable basis in law' if it is based on an indisputably meritless legal theory' or a violation of a legal interest that does not exist." *Ross v. State of Texas*, Civ. A. No. H-10-2008, 2011 WL 5978029, at *8 (S.D. Tex. Nov. 29, 2011).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are

unwilling or unable to amend in a manner that will avoid dismissal."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion. [citations omitted]"). The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

"Rule 12(b) is not a procedure for resolving contests about the facts or the merits of a case." *Gallentine v. Housing Authority of City of Port Arthur, Tex.*, 919 F. Supp. 2d 787, 794 (E.D. Tex. Jan. 22, 2012), *citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* § 1356, at 294 (1990).

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir.

1994).  *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken").  Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment.  *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011).  "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

"'[D]ocuments that a defendant attaches to its motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim.'"  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000), *quoting Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993).  By such attachments the defendant simply provides additional notice of the basis of the suit to the plaintiff and aids the Court in determining whether a claim has been stated.  *Id.* at 499.  The attachments may also provide the context from which any quotation or reference in the motion is drawn to aid the court in correctly construing that quotation or reference.  *In re Enron Corp. Securities, Derivative*

& *"ERISA" Litig.*, No. H-04-0087, 2005 WL 3504860, at 11 n.20 (S.D. Tex. Dec. 22, 2005). "Where the allegations in the complaint are contradicted by facts established by documents attached as exhibits to the complaint, the court may properly disregard the allegations." *Martinez v. Reno*, No. 3:97-CV-0813-P, 1997 WL 786250, at *2 (N.D. Tex. Dec. 15, 1997), *citing Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). When conclusory allegations and unwarranted deductions of fact are contradicted by facts disclosed in the appended exhibit, which is treated as part of the complaint, the allegations are not admitted as true. *Carter v. Target Corp.*, 541 Fed. Appx. 413, 417 (5th Cir. Oct. 4, 2013), *citing Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974), *citing Ward v. Hudnell*, 366 F.2d 247 (5th Cir. 1966). *See Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, (7th Cir. 1996)("It is a well settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations."); *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)(when attached documents contain statements that contradict the allegations in the complaint, the documents control and the court need not accept as true the allegations contained in the complaint.").

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed--but early enough not to delay trial--a party

may move for judgment on the pleadings." The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). The rule is "intended to dispose of cases where material facts are not in dispute and a judgment on the merits can be rendered by looking at the substance of the pleadings and any judicially noticed facts." *Associated Machine Tool Technologies v. Doosan Infracore America, Inc.*, 2017 WL 1409071, at *2 (S.D. Tex. Apr. 19, 2017), *citing Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).

Federal Rule of Civil Procedure 9(b) governs the pleading of common law fraud claims. *Dorsey v. Portfolio Equities, Inc.*, 540 F. 3d 333, 338-39 (5th Cir. 2008), *citing Abrams v. Baker Hughes, Inc.*, 292 F.3d 424, 430 (5th Cir. 2002). The Rule provides for heightened pleading standards: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Fifth Circuit strictly interprets the Rule and requires "'a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Dorsey*, 540 F.3d at 339, *quoting Hermann Holdings, Ltd. v. Lucent Techs.*

*Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002).  In short, Rule 9(b) "requires the complaint to set forth 'the who, what, where, and how' of the events at issue."  *Id., quoting ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002).

While the second sentence of Rule 9(b) appears to relax the pleading requirements, it is not enough to merely allege that the defendant had fraudulent intent.  *Id., citing Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cur. 1994).  Instead a plaintiff must plead "specific facts supporting an inference of fraud."  *Id., citing id.* "'Alleged facts are sufficient to support such an inference if they either (1) show a defendant's motive to commit securities fraud or (2) identify circumstances that indicate conscious behavior on the part of the defendant.'"  *Id., citing Hermann Holdings*, 302 F.3d at 565.  "'If the facts pleaded in a complaint are peculiarly within the opposing party's knowledge, fraud pleadings may be based on information and belief.  However, this luxury must not be mistaken for license to base claims of fraud on speculation and conclusory allegations.'"  *Id, quoting Tuchman v. DSC Communications Corp.*, 14 F,3d 1061, 1068 (5th Cir. 1994).

Findings by the Magistrate Judge to which a party specifically objects must be reviewed *de novo* under 28 U.S.C. § 636(b)(1)(C).  Findings to which no specific objections are made require that the Court only to decide whether the memorandum and recommendation is clearly erroneous or contrary to law.  *Id., citing U.S. v. Wilson*,

864 F.2d 1219, 1221 (5th Cir. 1989). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## Applicable Law

Under 28 U.S.C. § 1441(a)[2] any state court action over which federal courts would have original jurisdiction may be removed from state to federal court. *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007; *Guttierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)("A district court has removal jurisdiction in any case where it has original jurisdiction.").

The right to remove depends upon the plaintiff's pleading at the time of the petition for removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *Ford v. Property & Cas. Ins. Co. of Hartford*, No. Civ. A. H-09-1731, 2009 WL 4825222, *2 (S.D. Tex. Dec. 9, 2009).

The removing party bears the burden of showing that subject matter jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

---

[2] Title 28 U.S.C. § 1441(a) states, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Any doubts are construed against removal because the removal statute is strictly construed in favor of remand. *Id.*

Under 28 U.S.C. §1332, a defendant may remove a case if there is (1) complete diversity of citizenship and (2) the amount in controversy is greater than $75,000, exclusive of interest and costs. Under 28 U.S.C. § 1441(b), when original federal jurisdiction is based on diversity, as claimed by Defendants here, a defendant may remove a state court civil action only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The doctrine of improper joinder, or fraudulent joinder,[3] prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2003).

Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court. *Gasch*, 491 F.3d at 281; *Smallwood*, 385 F.3d at 573.

---

[3] The Fifth Circuit prefers the term "improper joinder" to "fraudulent joinder" because it is more consistent with the statutory language in 28 U.S.C. §§ 1141 and 1332. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 571 n.1 and 572-73 (5th Cir. 2004)(*en banc*), *cert. denied*, 544 U.S. 992 (2005).

A party claiming improper joinder based on the second type bears a heavy burden of showing that there is no possibility of recovery by the plaintiff against the in-state defendant, i.e., in other words that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Smallwood*, 385 F.3d at 576 ("[T]here is no possibility of recovery by the plaintiff against an in-state defendant . . . stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not."). A "reasonable basis" means more than a mere a hypothetical basis. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)("whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery").

To determine whether a plaintiff has a "reasonable basis for recovery under state law, the court may "conduct a Rule 12(b)(6)-type analysis." *Smallwood*, 385 F.3d at 573; *Anderson v. Georgia Gulf Lake Charles*, 342 Fed. Appx. 911, 915 (5th Cir. 2009). First the court should look at the pleadings to determine whether the allegations state a claim under state law against the in-state

defendant. *Smallwood*, 385 F.3d at 573. If the "plaintiff has
stated a claim, but has misstated or omitted discrete facts that
would determine the propriety of joinder," the court may look
beyond the pleadings and consider summary judgment-type evidence.
*Georgia Gulf*, 342 Fed. Appx. at 915-16. Discovery should be
restricted and the summary inquiry should be limited to identifying
"discrete and undisputed facts that would bar a plaintiff's
recovery against an in-state defendant; anything more risks 'moving
the court beyond jurisdiction and into the resolution of the merits
. . . .'" *Id.* at 916, *quoting Smallwood*, 385 F.3d at 573-74. A
defendant may submit and the court may consider affidavits and
deposition transcripts in support of the defendant's removal
petition. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th
Cir. 1990). Furthermore, where the reasons for finding that there
is no reasonable basis for recovery against the in-state defendant
would also dispose of all claims against the diverse defendants,
the entire case should be remanded because "there is no improper
joinder; there is only a lawsuit lacking merit." *Id.* at 574.

Moreover, "the existence of even a single valid cause of
action against the in-state defendants (despite the pleading of
several unavailing claims) requires remand of the entire case to
state court." *Grey v. Beverly Enterprises-Mississippi, Inc.*, 390
F.3d 400, 412 & n.11 (5th Cir. 2004)(and cases cited therein).

The district court must resolve all contested fact issues and

-14-

ambiguities of state law in favor of the plaintiff and remand. *Gasch*, 491 F.3d at 281. The Fifth Circuit explains, since "'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns.' The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281-82, *quoting Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995). Furthermore, "[i]f at any time before final judgment it appears that the district court lacks jurisdiction, the case shall be remanded." 18 U.S.C. § 1447(c).

In addition to satisfying jurisdictional requirements, a removing defendant must also satisfy procedural requirements. Under 28 U.S.C. § 1446(b),[4] failure to file for removal within thirty days of being served with a copy of the pleading or summons is a procedural defect warranting remand. *In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991). If at first the case is not removable, "a notice of removal may be filed within 30 days after

---

[4] Section 1446(b)(1) states in full,

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

receipt by the defendant, through service or otherwise, of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The "other paper" under § 1446(b)(3) may be discovery responses, pleadings, deposition transcripts, and attorney communications. *Still v. Georgia-Pacific Corp.*, 965 F. Supp. 878, 881 (S.D. Miss. 1997)(and cases cited therein). Furthermore "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).

Furthermore, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The absence of such joint consent is a procedural, not a jurisdictional, defect. *Johnson v. Helmerich & Payne, Inc.*, 892 F.3d 422, 423 (5th Cir. 2009). The removal is procedurally defective if such consent is not timely obtained. *Doe v. Kerwood*, 969 F.2d 165, 167-69 (5th Cir. 1992). Moreover there must be "some timely written indication" of each served defendant's consent. *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. America*, 841 F.2d 1255, 1262 (5th Cir. 1998). An exception to the rule of consent is that nominal or formal parties need not join in

the removal petition.  *In re Beazley*, No. 09-20005, 2009 WL
7361370, at *4 (5th Cir. May 4, 2009)("To establish the non-removing
parties are nominal parties, the removing party must show . . .
that there is no possibility that the plaintiff would be able to
establish a cause of action against the non-removing defendants in
state court.  In determining whether a party is nominal, a court
asks 'whether in the absence of the [party], the Court can enter a
final judgment consistent with equity and good conscience, e.g.,
one 'who has possession of the funds which are the subject of
litigation [and] . . . must often be joined purely as a means of
facilitating collection.  The test is not dependent on how the
plaintiff labels its complaint, but rather on the practical effect
of a judgment on a given defendant.", *citing Farias v. Bexar County
Bd. of Trustees for Mental Health Mental Retardation Services*, 925
F.2d 866, 871 (5th Cir. 1991)("To establish that non-removing
parties are nominal parties, 'the removing party must show . . .
that there is no possibility that the plaintiff would be able to
establish a cause of action against non-removing defendants in
state court."); *Louisiana v. Union Oil Co. of Calif.*, 458 F.3d 364,
366-67 (5th Cir. 2006).

  "A claim of fraudulent joinder must be pleaded with
particularity and supported by clear and convincing evidence."
*Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962),
*cert. denied*, 376 U.S. 949 (1964).

The elements of common-law fraud in Texas are (1) a material misrepresentation was made; (2) the representation was false; (3) when it was made, the speaker knew the misrepresentation was false or made recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should rely on it; (5) the other party acted in reliance on the representation; and (6) the other party thereby suffered injury. *Massey v. EMC Mortgage Corp.*, 546 Fed. Appx. 477, 481 (5th Cir. Nov. 5, 2013).

## Factual Background

On July 22, 2005, Khamsene K. Luangpakdy ("Luangpakdy") executed a Texas Home Equity Security Instrument (the "Security Instrument," Exhibit A) on 7403 Woodnettle Lane, Houston, Texas (the "Property") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for lender Countrywide Home Loans, Inc. ("Countrywide") and its successors and assigns, as security for a Texas Home Equity Note in the amount of $79,200.00, executed by Luangpakdy in favor of Countrywide.[5] On or around August 24, 2011 MERS assigned its interest in the Security

---

[5] The Court may take judicial notice of the instruments cited in this Opinion and Order because they were filed in the Official Public Records of Harris County, Texas. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011), citing Federal Rule of Evidence 201. Exhibit A was designated Document No. Y683415, filed on August 11, 2005.

Instrument to Mellon (the "First Assignment," Ex. B).[6] On or around November 28, 2012 the Security Instrument was assigned to the Bank of New York Mellon Trust Company, N.A., as trustee on behalf of CWABS Asset-Backed Certificates Trust 2005-9 ("BONY")(the "Second Assignment," Ex. C).[7]

After foreclosure on the property of Luangpakdy for materially defaulting on the note and failing to cure when given the opportunity, on August 31, 2015 Ditech, as the mortgage servicer for BONY, filed a Petition for Expedited Foreclosure of a Lien Securing a Home Equity Loan (the "Foreclosure Petition," Ex. D, a matter of public record) in the 157th Judicial District Court for Harris County. The court issued an Order Granting Petition to Proceed with Notice of Sale and Non-Judicial Foreclosure Sale (the "Foreclosure Order," Exhibit E, also a matter of public record), in accordance with the terms of the Note and Security Instrument. On August 2, 2016 BONY purchased the Property at a substitute trustee's sale for $103,149.08 (Exhibit F, publicly recorded "Substitute Trustee's Deed").[8]

Plaintiff claims that Jaime Mena ("Mena") acquired the title to the "Property" on or about April 25, 2012 through a Deed Under Order of Sale executed by Constable Precinct #1 Kenneth W. Berry,

---

[6] Instrument No. 20110358575, filed on August 25, 2011.

[7] Instrument No. 20120576251, filed on August 25, 2011.

[8] Document No. 2016-375909, filed on August 23, 2016.

which was duly recorded with the Harris County Clerk. On or about February 27, 2015 Mena transferred ownership of the Property to Plaintiff David Ricardo through Deed, which was also recorded with the Harris County Clerk, and Ricardo remained the owner and possessor. Ricardo maintains that at this point Defendants had notice that Ricardo was the new owner of the Property.

On or about September 5, 2016, Plaintiff allegedly learned that Defendants had unlawfully entered upon and dispossessed Plaintiff of this real Property despite having actual and constructive notice that Plaintiff was the new owner of the real property. Defendants refused to recognize Plaintiff's legal right to cure Luangpakdy's default, but instead committed fraud in filing the Petition for Expedited Foreclosure against Luangpakdy, who they knew was no longer the owner of the Property, without giving Plaintiff any notice. Moreover in the court filings Defendants failed to advise the court of the Property's new ownership.

On September 20, 2016, alleging he is the owner and tenant of the Property of which he was wrongfully dispossessed, Plaintiff sued Defendants in a Trespass to Try Title Suit in the 189th Judicial District Court, Harris County, Texas, seeking judgment for title to and possession of the Property, which was removed by Defendants to this Court. The petition alleges that Defendants used and occupied the premises for at least fifteen days before Plaintiff filed the suit. Plaintiff claimed that the rental value

of the premises during that occupancy was $80.00 per day. Moreover Defendants allegedly altered and destroyed Plaintiff's personal property, valued at $10,000.00. At the time of the alleged wrongful occupation, Plaintiff also claims he was rightfully in possession and had an immediate right to possession of certain personal properties, including building materials, building tools and appliances and fixtures, with a fair market value of at least $8,000. Defendants unlawfully assumed dominion and control over these items. Plaintiff has since inspected the Property but could not find his tools there, and Defendants refused to return them, causing Defendants a loss in the amount of $8,000.00. Plaintiff claims that Defendants' conversion of Plaintiff's personal property was fraudulent and malicious in that it was intended to cause substantial injury to Plaintiff. Plaintiff additionally asserts that he is entitled to exemplary damages in the amount of $20,000,000.00.

In contrast, Ditech claims that according to the real property records, Mena purchased the Property for $1,000.00 at a junior lien foreclosure sale conducted by Willowood Maintenance Association (the "HOA") on November 1, 2017.[9] Significantly, the applicable Declaration of Restrictions[10] that created the HOA's lien states

---

[9] Exhibit G, the "HOA Deed," filed on June 28, 2012, as Document No. 20120287600.

[10] Ex. H at p. 7, incorporated into the complaint by reference, and recorded as Number E974266 on December 7, 1976.

that it was "subordinate and inferior to any liens given to secure the payment of monies in connection with the purchase of any lot or improvements, or the construction of improvements on any lot." On February 27, 2015 Mena deeded his interest in the HOA lien to Plaintiff (the "Plaintiff's Deed," Exhibit I) for consideration in the amount of ten dollars, as memorialized in the Deed filed in the Public Records.[11]

Defendants Mellon, Ditech, and BANA removed the instant suit on November 3, 2016.

### BANA's Motion to Dismiss (#6)

BANA claims that Plaintiff, in an effort to continue residing on the Property, and despite a valid foreclosure against former owner Luangpakdy on August 2, 2016, acquired title to the Property on or about February 27, 2015, pursuant to a deed from Mena. Defendant responds that Ricardo ignores a first priority lien on the Property, which was foreclosed upon by the mortgagee of record after mortgagor Luangpadky's default and subsequent failure to cure and the mortgagee's acceleration of the debt.

More specifically on or around July 22, 2005 Luangpakdy executed a Texas Home Equity Security Instrument (the "Security Instrument," #6, Ex. A) on the Property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for lender Countryside Home Loans, Inc. ("Countrywide"), and its

---

[11] Document No. 20150081655, filed on March 2, 2015.

successors and assigns, as security for a Texas Home Equity Note in the amount of $79,200.00, executed by Luangpakdy in favor of Countrywide.[12]  On or around August 24, 2011 MERS assigned its interest in the Security Instrument to The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of CWMBS, Inc., Asset-Backed Certificates, Series 2005-9[13] (the "First Assignment").  #6, Ex. B.  On or around November 28, 2012 the Security Instrument was assigned to The Bank of New York Mellon Trust Company, N.A., as trustee on behalf of CWABS Asset-Backed Certificates Trust 2005-9 ("BONY")(the "Second Assignment").  #6, Ex. C.

After Luangpakdy defaulted and failed to cure the default, Ditech, as the mortgage servicer for mortgagee BONY, filed a Petition for Expedited Foreclosure of a Lien Securing a Home Equity Loan (the "Foreclosure Petition," Ex. D) on August 31, 2015 in the 157th Judicial District Court due to a material breach by Luangpakdy of the Security Instrument and the underlying Note.  On February 3, 2016 the court issued an Order Granting Petition to Proceed with Notice of Sale and Non-Judicial Sale ("the Foreclosure Order," Ex. E), stating, "Ditech may proceed with non-judicial foreclosure of the Property in accordance with the terms of the Note and Security

---

[12] In the Official Public Records of Harris County, Texas, it was designated as Document No. Y683415 on August 11, 2005.

[13] Filed in the Official Public Records of Harris County, Texas as Document No. Y683415 on August 11, 2005.

Instrument, and any supplements or amendments thereto, and Texas Property Code § 51.002 ("Sale of Real Property Under Contract Lien"). The Property was sold on August 2, 2016 at a substitute trustee's sale and was purchased by BONY for $103,149.08 (Ex. F, Doc. No. 2016-375909 on August 23, 2016").

Ricardo then filed the instant lawsuit on September 20, 2016, claiming that he is the owner and tenant of the Property, of which he was wrongfully dispossessed on September 5, 2016 after the August 2, 2016 foreclosure sale. Ricardo bases his claim on the April 25, 2012 deed from Mena. Complaint, ¶ 4.[14] Under the relevant Declaration of Restrictions that created the HOA's lien, the HOA's lien is "subordinate and inferior to any liens given to secure the payment of monies in connection with the purchase of any lot or improvements or the construction of improvements on any lot." Ex. H at 7 (Document No. 20120287600 on June 28, 2012). On February 27, 2015 Mena deeded his interest in the HOA lien to Plaintiff (the "Plaintiff's Deed," Ex. I). Thus the interest in the Property that Plaintiff obtained from Mena for $10 consideration is inferior and subordinate to BONY's Security Interest lien on the Property.

BANA further asserts that Plaintiff failed to state a claim

_____

[14] As noted, Mena purchased the Property for $1,000.00 at a junior lien foreclosure sale conducted by Willowood Maintenance Association (the "HOA") on November 2, 2011. (Deed under Order of Sale ("HOA Deed," Ex. G, Document #20120287600, filed in Public Records on June 28, 2012).

for fraud under Rule 9(b) because he alleges no facts in support and makes no specific allegations of fraudulent conduct by BANA.

It is clear from the pleadings that Plaintiff was not a borrower with respect to the Property, and he alleges no facts showing that he had a contractual or other relationship with BANA. He has not alleged any facts about a false or material misrepresentation made to him by BANA with knowledge of its falsity or with intent that Plaintiff rely on it, nor does Plaintiff claim that he detrimentally relied on any such false or material misrepresentation. Nor was BANA the mortgage servicer, nor the mortgagee during the relevant time, i.e., before or after the February 3, 2016 Foreclosure Order. Instead the Public Records shows that BONY was the mortgagee, and Ditech was the mortgage servicer. Ex. C (Second Assignment); Exhibit E (Judicial Order). Thus there is no plausibility to Plaintiff's fraud claim against BANA.

BANA also maintains that Plaintiff's claim for wrongful foreclosure fails as a matter of law. In Texas, "a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase Bank, N.A.,* No. 3:11-CV-0972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug. 1, 2011). The plaintiff must allege and ultimately prove "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling

price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Hurd v. BAC Home Loan Servicing, LP*, 880 F. Supp. 2d 747, 766 (N.D. Tex. 2012), *citing Sauceda v. GMAC Mort. Corp.*, 268 S.W. 3d 135, 139 (Tex. App.-- Corpus Christi 2008, no pet.). BANA asserts that Plaintiff fails to plead any facts to establish a defect in the foreclosure sale proceedings, a grossly inadequate selling price, or a causal connection; therefore he does not plead a plausible claim for relief.

Furthermore, Plaintiff does not and cannot state a plausible wrongful foreclosure claim against BANA because BANA was not the mortgagee or the foreclosing entity. Instead, as the Second Assignment and Foreclosure Order evidence, BONY was the mortgagee of record and Ditech was the mortgage servicer. Exhibits C and E. Thus the Court should dismiss the wrongful foreclosure claim against BANA.

Plaintiff's claim for wrongful eviction against BANA should also be dismissed because it also fails as a matter of law. As in other claims in Plaintiff's complaint, he refers to "defendants" in general and makes no specific allegations against just BANA, nor against any other singly identified Defendant. Moreover to prevail on a wrongful eviction claim, Ricardo must show (1) the existence of an unexpired lease; (2) occupancy of the property in question; and (3) eviction or dispossession by the landlord; and (4) damages

attributable to the eviction. *Ezennia v. Well Fargo Bank, N.A.*, No. Civ. A. H-10-5004, 2012 WL 1556170, at *8 (S.D. Tex. Apr. 27, 2012). BANA observes that it is not only uncertain which defendant Plaintiff is charging with wrongful eviction, but the Public Records show that BANA has no interest in the Property and it was neither the mortgagee nor the mortgage servicer on the date of foreclosure. Exhibits C, E, and F. Nor does Ricardo plead any facts to prove any wrongdoing by BANA, no less facts that would establish each of the elements of a wrongful eviction claim against BANA. Therefore the Court should dismiss the wrongful eviction claim in its entirety, with prejudice.

BANA further maintains that Plaintiff cannot state a plausible claim for conversion and that his allegations "are nothing more than a recast of his insufficiently pleaded claims for wrongful eviction and/or wrongful foreclosure."[15] Plaintiff again pleads vaguely, "Defendants unlawfully and without authority assumed dominion and control over plaintiff's personal property." As with

---

[15] "Conversion is the 'unauthorized and wrongful assumption and exercise of domain and control over the personal property of another, to the exclusion of or inconsistent with the owners' rights.'" *Lawyers Title Co. v. J.G. Cooper Development, Inc.*, 424 S.W. 3d 713, 718 (Tex. App.--Dallas 2014, pet. denied). The elements of conversion under Texas law are "(1) the plaintiff owned or had possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization, assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property." *Id.* The plaintiff must also prove he was injured by the conversion. *Id.*

Plaintiff's wrongful foreclosure and wrongful eviction claims, Ricardo alleges no facts establishing any wrongdoing by BANA, and again the Public Records demonstrate clearly that BANA was not the mortgagee nor the mortgage service on the date of the foreclosure. Exhibits C, E, and F.

Finally BANA contends that Plaintiff is not entitled to "the declaratory judgment for title to and possession of the real property which is the subject matter of this suit," which he seeks because he has not and cannot state a cognizable claim for relief against BANA. Complaint at 4. *See Lindsey v. Ocwen Loan Servicing, LLP*, No. 3:10-CV-967-L, 2011 WL 2550833, at *6 (N.D. Tex. June 27, 2011)(dismissing claim for declaratory judgment because "[a]s Plaintiff's underlying claim for wrongful foreclosure will be dismissed, there is nothing remaining for the court to adjudicate in this proceeding, and Plaintiff is not entitled to any such relief.").

In sum, BANA requests the Court to grant BANA's Rule 12(b)(6) motion in its entirety with prejudice for failure as a matter of law to state any cognizable claim for relief.

**Plaintiff's Motions to Remand (#10 and 21 (amended))**

Defendants contend that this case should be remanded to state court because Ken Lewis ("Lewis") is a citizen of Texas, where this action was brought, and was thus improperly joined, as well as because Lewis not a real and substantial party with a real interest

in this litigation. Plaintiff disagrees, notes Defendants bear the burden of showing that Plaintiff has no possibility of recovering against Lewis, and insists Defendants have failed to meet that burden. Plaintiff claims Defendants have not pointed to even one fact that would cause anyone to doubt that Plaintiff has the ability to obtain a judgment against Lewis. Plaintiff has alleged that "defendants unlawfully entered and dispossessed the plaintiff of this real property" and continued to hold it, that they "used and occupied it" "under unlawful possession," that they "attempt[ed] to sell" it, that they "altered and destroyed plaintiff's property," and that they "refused to return plaintiff's personal property to plaintiff." #10 at p. 4.

Plaintiff then speculates that discovery may prove the following: that Lewis changed the locks on the property or ordered them changed; he listed the property for sale or directed that it be listed for sale; Lewis invited the general public to enter into the property to view it and made appointments for them to do so; Ricardo told Lewis that Ricardo is the owner of the property and sent Lewis by email a copy of the deed granting ownership of the property to Ricardo, but Lewis also told Ricardo that neither he nor the personal properties inside the property belonged to Ricardo; Lewis told Ricardo that Lewis had the right to change the locks of the property and to open the property and to show the property to anyone; Lewis told Ricardo that someone wanted Lewis to

sell the property; Lewis told Ricardo that the locks to the property had been changed and that Ricardo had no right to go inside; and Lewis told Ricardo that all Ricardo owned was a lien that was subordinated to the lenders' lien.  #10, p. 5.

For a *prima facie* case in a trespass to try title suit, which "is a possessory action for recovery of land possessed by a trespasser," "there should be present legal right to possession with such title as renders the possession lawful." *Standard Oil Co. of Texas v. Marshall*, 265 F.2d 46, 50 (5th Cir. 1959), *cert. denied*, 361 U.S. 915 (1959).  A plaintiff must plead and prove "that he was in possession of the premises or entitled to possession thereof. . . . If the plaintiff shows possession, his own or a predecessor in title, prior to defendant's possession, and a regular chain of title connecting himself with such possession." *Id*.  *See also Martin v. Amerman*, 133 S.W. 3d 262, 265 (Tex. 2004)("To prevail in a trespass-to-try-title action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned.").

Plaintiffs assert that Defendants have not claimed that there has been actual fraud in the pleading of jurisdictional facts here. Furthermore they claim that all the necessary allegations for a trespass-to-try-title action against Lewis are present in

Plaintiff's petition:  possession in ¶ 5; his own or a predecessor in title in ¶ 4; prior to Defendants' possession in ¶¶ 4 and 5; and a regular chain of title connecting himself in such possession in ¶ 4.

Plaintiff conclude that thus the Court should remand this case and further award Plaintiff court costs, expenses, and attorney's fees because the removal of this case was not objectively reasonable. *American Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541 (5th Cir. 2012).

### Defendants' Responses to Plaintiff's Motions to Remand (#12 and 26)

In their first response, Defendants Mellon, Ditech, and BANA answer that a theoretical possibility of recovery, such as Plaintiff's here, will not bar removal. *Badon v. R.J.R. Nabisco, Inc.*, 224 F.3d 382, 386 n.4 (5th Cir. 2000); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)("While the burden of demonstrating fraudulent joinder is a heavy one, we have never held that a particular plaintiff might possibly establish liability by mere hypothetical possibility that such an action could exist.  To the contrary, whether the plaintiff has established a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.").  Furthermore, "when plaintiffs make general allegations and fail to support them with specific, underlying facts, they have not established a reasonable basis for the Court

to predict that relief may be granted." *Staples v. Merck & Co.*, 270 F. Supp. 2d 833, 837 (N.D. Tex 2003), *citing Great Plains Trust co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Despite Plaintiff's claim that he can recover against Lewis on a trespass-to-try-title claim, to the degree that Plaintiff's allegations against "defendants" is construed to refer to Lewis particularly, Plaintiff fails to allege that Lewis claimed any interest in the Property. Instead, the text messages and emails that Plaintiff attached to his motion to remand make clear that Plaintiff considered Lewis to be acting on behalf of the other Defendants. #10 at 39 ("But I have ownership please send me the *deed of your client [...] [Y]our client took possession and destruction of my property*")(emphasis added). Because there is no possibility of recovery against Lewis, he was improperly joined as a defendant and his citizenship should be disregarded.

In their second response, Defendants repeat what they stated in their Notice of Removal, i.e., Plaintiff neither alleges that Lewis committed any act or omission  that would support a claim of damages nor makes any viable allegation that Lewis has any interest that will be affected by the relief he seeks.  Thus as a nominal or fraudulently joined party, Lewis' citizenship will be disregarded for purposes of diversity jurisdiction and  his consent to removal is not required. *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir,

1986); *Getty Oil Corp. v. Ins, Co. of North Am.*, 841 F.2d 1254, 1261 (5th Cir. 1988).

Repeating their arguments in their first response, Defendants also note that Plaintiff alleges only that Lewis is a realtor with Re/Max Westside Realtors, makes no specific allegations regarding Lewis and no explanation of Lewis' connection to the instant lawsuit or basis for naming him as a defendant, and merely speculates about what discovery might reveal. Grounds for removal must be ascertainable from an examination of the four corners of the initial pleading and not through a defendant's subjective knowledge or a duty to investigate further. *Mumfrey v. CVS Pharm.*, 719 F.3d 392, 399-400 (5th Cir. 2013)(Fifth Circuit rule is that "the thirty-day clock [for removal] is not triggered unless the initial pleading 'affirmatively reveals on its face' that the plaintiff's sought damages exceeding the jurisdictional amount"), *citing Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir. 1992).

**Ditech's Rule 12(c) Motion for Judgment on the Pleadings (#20)**

Ditech claims that Plaintiff does not and cannot state any cognizable claim for relief against Ditech and moves under Rule 12(c) for dismissal on the pleadings.

Ditech argues that Plaintiff fails to state a claim for fraud that meets the heightened pleading requirements of Rule 9(b), but instead makes vague and conclusory allegations of fraud and malice and alleges no facts and no specifics as to any fraudulent conduct

by Ditech.  Patently absent from Plaintiff's pleadings are the who, what, where, when and how of statements alleged to be fraudulent. It is clear that Plaintiff was not a borrower regarding the Property and alleges no facts showing that he had a contractual or other relationship with Ditech.  Plaintiff also fails to allege any facts regarding any false or material representation made by Ditech to Plaintiff with knowledge of its falsity, with the intent that Plaintiff rely on it, nor does Plaintiff allege he detrimentally relied on such false or material misrepresentation.  Therefore there is no plausibility to Plaintiff's fraud claim against Ditech.

Furthermore, contends Ditech, Plaintiff's wrongful foreclosure claim fails as a matter of law.  Under Texas law, "a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase Bank, N.A.*, No. 3:11-CV-00972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug. 1, 2011).  To recover on such a claim, a plaintiff must not only show a defect in the foreclosure process, but also an inadequate selling price resulting from that defect.  *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011).  Plaintiff failed to plead any facts establishing a defect in the foreclosure sale proceedings, a grossly inadequate selling price nor a causal connection, so he fails to plead a plausible claim for relief.

Furthermore Plaintiff does not and cannot state a wrongful

foreclosure claim against Ditech because Ditech was not the mortgagee or the foreclosing entity. In the Second Assignment the Foreclosure Order and Substitute Trustee's Deed establish that BONY was the mortgagee of record and the foreclosing entity. #2, Exhibits C,E, and F.

Plaintiff's claim of wrongful eviction also fails as a matter of law. Although Plaintiff speaks only of "Defendants" as a group, with no specific allegations against Ditech, the public record makes clear that Ditech was neither the foreclosing entity nor the purchaser at the foreclosure sale; therefore it is not plausible that Ditech would attempt to evict Plaintiff. #20, Exhibit F. Moreover, Plaintiff fails to plead any facts to establish any wrongdoing by Ditech, no less facts what would establish each of the elements required to plead wrongful eviction against Plaintiff under *Ezennia*, 20012 WL 1556170, at *8.

Ditech also objects that Plaintiff does not and cannot state a cognizable claim for conversion against Ditech. Plaintiff's allegations are actually a repetition of his insufficiently pleaded claims for wrongful eviction and/or wrongful foreclosure. For a conversion claim under Texas law, Plaintiff must assert that he legally possessed the property or was entitled to it, wrongfully exercised dominion and control over the property and dispossessed plaintiff, plaintiff demanded return of the property, and defendant refused to return it. *U.S. v. Boardwalk Motor Sports, Ltd.,* No.

4:08-cv-110, 2010 WL 1717994, at *2 (E.D. Tex. Jan. 29, 2010).

Ditech points out that Plaintiff fails to plead facts demonstrating that Plaintiff or his belongings were removed from the Property by Ditech, or facts establishing any wrongdoing by Ditech. Here, too, the public record shows that Ditech had no interest in the Property following foreclosure. #20, Ex. F. Thus the conversion claim should be completely dismissed with prejudice.

Finally Ditech, too, insists Plaintiff is not entitled to declaratory relief because he has not stated a cognizable claim against Ditech. Without a viable, underlying claim to support his request for a declaratory judgment, he is not entitled to declaratory relief.

Plaintiff has failed to file a response to Ditech's motion.

### Mellon's Rule 12(b)(6) Motion to Dismiss (#24)

Mellon maintains that Plaintiff also fails to state a claim of wrongful foreclosure against Mellon as a matter of law: Plaintiff fails to allege that there was a defect in the foreclosure proceedings or that the Property sold for an inadequate price, and therefor cannot allege a causal connection between the two. Also Texas law clearly requires that to set aside, cancel, and rescind a foreclosure sale, a borrower must tender the full amount due under the note. *Lambert v. First Nat'l Bank of Bowie*, 993 S.W. 2d 833, 835-36 (Tex. App.--Fort Worth 1999, pet. denied); *Fillion v. David Silvers Co.*, 709 S.W. 2d 240, 246 (Tex. App.--Houston [14th

Dist.] 1986, writ ref'd)("Tender of whatever sum is owed on the mortgage debt is a condition precedent to the mortgagor's recovery of title from a mortgagee who is in possession and claims title under a void foreclosure sale."). Plaintiff has failed to meet all of these requirements.

As discussed by other Defendants in their motions, Plaintiff has also failed to plead facts that satisfy the elements of a wrongful eviction claim under *Ezennia*, 2012 WL 1556170, at *8, to meet Rule 9(b)'s heightened pleading standards, and the elements of a claim for conversion under Texas law.

Plaintiff has not filed a response to Mellon's motion.

### Plaintiff's Motion for Leave to Amend (#31)

Plaintiff's motion, filed on March 17, 2017, references Federal Rule of Civil Procedure 15(a)(2)("The court should freely give leave when justice so requires") in requesting leave to amend to "present a few additional facts of which the Court can take judicial notice as well as jurisprudence and legal arguments which support Plaintiff's statement of claim" and "one additional statement of claim [rescission] supported by the same facts presented in the first statement of claim." He notes the docket control schedule deadline for fling motions for leave to amend and to join new parties is not until June 1, 2017. He also states that because Defendants placed the Property on expedited sale and closing, he had insufficient time to file his petition in state

court.  He also asserts that he has not previously sought to amend his petition.

### BANA, BONY, and Ditech's Opposition (#34)

Defendants contend that Plaintiff's proposed "new claims" in the Proposed Amended Complaint fail for the same reasons as his original claims:  "they are simply a recast of the claims that Magistrate Judge Stacy has already addressed and determine should be dismissed with prejudice because Plaintiff fails to state a plausible claim for relief.  His new Proposed Amended Complaint erroneously asserts that as a junior lienholder, Plaintiff was a necessary party to Ditech's application for expedited foreclosure under Rule 736 of the Texas Rules of Civil Procedure (Complaint ¶ 8.b) and that Plaintiff was entitled to rescission of the foreclosure deed and title and possession of the Property (*id.* at ¶ 15.c).  His argument fails for the same reason as his earlier ones:  his interest in the Property via the junior HOA lien (#6-9) conveyed to him by Mena was subject to BONY's superior lien on the Property via the Deed of Trust (#6-1).

### Magistrate Judge Stacy's M&Rs (#30 and 33)

Magistrate Judge Stacy recommended in #30 that BANA, BONY, and Ditech's motions to dismiss be granted and the claims against these Defendants dismissed with prejudice basically for the reasons

stated by Defendants.[16]   Furthermore the Magistrate Judge

---

[16] Although the Court agrees with the Magistrate Judge's ultimate results, the Court does not adopt the Magistrate Judge's M&R's only because it disagrees with some of her discussions in matters that do not affect the outcome.  For example, in #30 at pp. 6-7, she refers to a trespass-to-try-title claim as equivalent to a quiet-title claim and continues discussing the latter.  The two are not the same, and it is the trespass-to-try-title claim at issue here.  See, e.g., *Katz v. Rodriguez*, 563 S.W. 2d 627, 629 (Tex. Civ App.--Corpus Christi 1977)(citations omitted):

> A suit to remove cloud from title or suit to quiet title is different from an action in trespass to try title.  A suit in trespass to try title is statutory and accords a legal remedy, while a suit to remove cloud or to quiet title accords an equitable remedy. . . . Trespass to try title is an action to recover the possession of land unlawfully withheld from an owner who has a right of immediate possession. . . . In this action no other principle is more pervasive than that which requires the plaintiff to recover on the strength of his own title; proof that the defendant has no title is insufficient for recovery.  Plaintiff may meet this burden in one of four ways:  1) he can show title emanating from the sovereignty of the soil to himself; or 2) he can show title in himself emanating from a common source to which the defendant claims; or 3) he may show title through limitations; or 4) he can show prior possession antedating defendant's possession.
> A suit to quiet title requires the allegation of an adverse claim.  The gravity of that claim must be sufficient to place the property owner into a position that if such claim is asserted, it may cast a cloud upon his enjoyment of the property. . . . . Although claimant must base his action on the strength of his own title, he is not required to trace his title to either the sovereign or to a common source, as argued by defendant. . . . It is clear that the claimant must show an interest of some kind, but it is error that the claimant must show fee simple or uncontestable interest to prevail in a suit to remove cloud on title or to quiet title.

*See also Serna v. U.S. Bank, N.A.,* No. CIV.A. H-13-2559, 2014 WL 108732, at *2 (S.D. Tex. 2014)("To state a claim for trespass to

-39-

recommended that the Court deny Plaintiff's motion for leave to amend even though Rule 15(a) states that leave should be freely given when justice so requires because Plaintiff did not respond to Defendants' motions and "[t]here is no reasonable likelihood that Plaintiff, if given the opportunity to amend, could state a plausible claim." #30 at p. 12.

Magistrate Judge Stacy's second M&R (#33) recommended that the Court deny Plaintiff's motion for remand because no party claims that Plaintiff committed fraud in naming Lewis as a defendant and Plaintiff failed to make any specific allegations against Lewis that would support a claim against him. She specifically notes that Plaintiff has not stated an actionable claim of trespass to try title against Lewis, and that Plaintiff's suggestion that discovery might reveal something to support a claim is "wholly speculative." In contrast Magistrate Judge Stacy found that Defendants met their heavy burden to show that Lewis was improperly joined for purposes of diversity jurisdiction and that his citizenship should be disregarded for the same purpose. No objections to the M&Rs were filed.

## Court's Decision

The Court agrees that all three Defendants' motions to dismiss

---

try title, the plaintiff must allege, *inter alia,* that the defendant unlawfully entered upon and dispossessed him of such premises, stating the date, and withholds from him the possession thereof.")

under 12(b)(6) or 12(c) should be granted for the reasons set forth by Defendants and by Magistrate Judge Stacy, whose M&Rs the Court finds are clearly not erroneous or contrary to law. *Id., citing U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

As for Plaintiff's motion for leave to amend, even under Rule 15(a) a court has discretion in deciding whether to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 181 (1962). Since the language of Federal Rule of Civil Procedure 15(a) "'evinces a bias in favor of granting leave to amend," the court must find a "substantial reason" to deny such a request. *Ambulatory Infusion Therapy Specialists, Inc. v. Aetna Life Ins. Co.*, Civ. A. No. H-05-4389, 2006 WL 2521411, *3 (S.D. Tex. Aug. 29, 2006), *quoting Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004), and *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Nevertheless leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000), *citing Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Nevertheless even under the relaxed standard of Rule 15(a), the court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

Once a scheduling order is entered and the deadline for

amending pleadings is past, however, as was the case here, Rule 16(b) governs instead of Rule 15(a). The scheduling order (#6) in this case set a deadline of January 15, 2016 for amended pleadings; Plaintiffs did not file their motion for leave to amend (#17) until May 19, 2016. Thus Magistrate Judge Stacy should have applied Rule 16(b) in deciding whether to grant Plaintiffs' motion for leave to amend. Furthermore, "[o]nce a scheduling order deadline to amend a pleading has expired, the party seeking leave to amend is effectively asking the court for leave to amend both the scheduling order and the pleading." *Escobar v. City of Houston*, Civ. A. No. 04-1945, 2007 WL 2003, at *1 (S.D. Tex. Feb. 11, 2007). In contrast to Rule 15's "freely given" standard for amendment, Rule 16(b)(4) mandates that "[a] schedule may be modified only for good cause and with the judge's consent." Good cause requires a "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Southwestern Bell Telephone Bell Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Plaintiffs not only failed to make such a showing, but did not even try. The "good cause" standard concentrates on the diligence of the party requesting the Court to modify the schedule. *Mobius Risk Group, LLC v. Global Clean Energy Holdings*, Civ. A. No. H-10-1708, 2011 WL 2193294, at *3 (S.D. Tex. June 6, 2011), *citing Parker v. Columbia Pictures Industries*, 204 F.3d 326, 340 (2d Cir. 2000)("[W]e agree with these courts that a

finding of 'good cause' depends on the diligence of the moving party."), and *In re Milk Products Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999)  To decide if there is good cause, the court applies four factors:  (1) an explanation for plaintiff's failure to move timely for leave to amend; (2) the importance of the amendment; (3) possible prejudice in permitting the amendment; and (4) whether a continuance would serve to cure the prejudice  *Id.* Here, Plaintiff waited until after the deadline for amending and gave no explanation.  Furthermore, the proposed amendment attached to Plaintiff's motion for leave indicates that granting the motion and providing a continuance would be futile, as the proposed complaint is just as conclusory and lacking in facts to support the elements of the claims as was his Original Petition.

Accordingly, for the reasons stated above, the Court

ORDERS the following:

(1) Judge Stacy's order granting Plaintiff's motion for leave to amend is VACATED;

(2) BANA's (#6), Ditech's (#20), and Mellon's (#24) motions to dismiss with prejudice are GRANTED for the reasons stated by Defendants and by Magistrate Judge Stacy in her M&Rs (#30 and 33);

(3)  Ricardo's motion for remand is DENIED;

(4) Plaintiff's motion for leave to amend (#31) is DENIED; and

(5) this case is DISMISSED WITH PREJUDICE for failure to state a claim.

**SIGNED** at Houston, Texas, this 9th day of August, 2017.

_____
**UNITED STATES DISTRICT JUDGE**